IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA: WRIT OF HABEAS CORPUS
PETITION UNDER 28 U.S.C. §2254

FILED
HARRISBURG, PA
SEP 1 2 2022
PER ___ JBC
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES DISTRICT COURT | MIDDLE DISTRICT |
| Joseph G. Aulisio, Pro-se | Docket No. 22-2350 |
| SCI Benner Township | Prison No. AY-3044 |
| Joseph G. Aulisio v. | Superintendent Morris L. Houser |
| Pennsylvania Attorney General | Josh Shapiro |

1. Court of Common Pleas of Lackawanna County entered judgment of conviction petitioner is challenging. Crim. Docket No. CP-35-CR-0001386-1981.

2. Date of conviction: May 27, 1982.
Death sentenced overturned, 2 life w/out parole sentenced July 21, 1987
Resentenced on 12-18-2019 to 60 years to life consecutively.

3. Petitioner was convicted of 2 counts of first degree murder. Kidnapping charges dismissed for lack of evidence. Not guilty on hindering apprehension and prosecution.

4. Petitioner did not testify at either pre-trial or post trial.

5. None of the instant claims have ever been raised or adjudicated and are waived under state law and must be deemed exhausted. Petitioner has one former 28 U.S.C. §2254 adjudicated on different claims. Direct appeal ended on May 25th, 2022. The Court of Appeals order of 8-30-22 ruled the instant writ is not second or successive, see attachment.

FEDERAL REVIEW OF CLAIMS IS NECESSARY:

Petitioner is subject to unconstitutional incarceration that violates the 8th Amwndment, these claims can be ruled on under Plain Error doctrine.

Alternatively instant claims must be adjudicated under a fundamental miscarriage of justice exception in Murray v. Carrier, 477 U.S. 478, 496. 1986, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent."

Valentine v. Keen, 2014 U.S. Dist. LEXIS 157446. 3rd Circuit, petitioner can show constitutional violations to prove actual innocence and not have to show new evidence to demonstrate actual innocence. The record herein proves the constitutional violations are structural defects requiring automatic

reversal. Without constitutional protections observed at trial and the presentation of impossible fabricated evidence intended to subvert justice to guarantee my conviction, has resulted in a contrived conviction on petitioner who is factually innocent of murder. The wickedness undertaken, having to contrive my conviction proves the prosecutor was certain I would have been acquitted without his misconducts, certain if the jury considered the truth, I would have been exonerated. This court must accept the certainty of the prosecutor as certainty of my actual innocence under the standard in Murray.

There can be no confidence or reliability in a verdict based upon admitted fabricated false material testimony coupled with the proven structural defects rendering the trial unfair. If the admitted false testimony was corrected... what Mrs Jefferys testified to, would have exonerated me. Overwhelming and incontrovertible proof these constitutional violations probably resulted in the conviction of one who is actually innocent. Cause and prejudice excuse procedural default, I have demonstrated constitutional violations resulted in my wrongful conviction. Actual innocence excuses procedural default. Structural defects cannot be held harmless regardless of how overwhelming evidence of guilt may be. See Cage v. Louisiana, 498 U.S. 39. 1990.

Proof that I was convicted with the knowing use of false testimony supported by the perjury of the prosecutor and structural defects prove my conviction is wholly void. No court has the authority to leave in place a void conviction entitling me to mandatory relief under a wholly void conviction standard, Gato v. Lane, 265 U.S. 393.. 1923. Failure to adjudicate this writ due to procedural deficiencies will result in a manifest injustice. And violate the 8th amendment.

STATEMENT OF CASE:

6. Petitioner is in custody under a VOID conviction constituting unconstitutional incarceration. Constituting a complete and fundamental miscarriage of justice. Petitioner was 15 years old at arrest for the deaths of two neighborhood children. Petitioner pled not guilty and demanded a jury trial. Petitioners defense was that he did not kill anyone, there were no bodies present when he discovered the crime scene shortly after it occurred. That I was scared seeing such a mess and cleaned it up out of fear. Petitioner was charged with the murders after admitting to hindering prosecution. Petitioner did not kill anyone and is innocent of murder.

July 26, 1981 the victims went missing and were murdered. That date

the mother of the victims, Mrs Diane Ziemba was visited by her sister-in-law Linda Jo Jefferys. Mrs Ziemba told Mrs Jefferys, that the last time she saw her children before they went missing, they were playing by themselves in an empty trailer lot (in the trailer park) adjacent to the Aulisio property. Playing alone on a different property. See Trial Transcript pages 1965-1967. A pristine statement before petitioner was arrested. After petitioners arrest on 7-29-81, the pristine statement changes completely incorporating the Aulisio property and this petitioner leading the victims into the unfinished house where they were murdered moments later.

8. Mrs Ziemba's revised statement only surfaced ten months after my arrest, during the first week of trial. The prosecutor announces in the media circus he created that he has a surprise witness no one has heard from before. Mrs Ziemba takes the stand and tells the jury in a silent courtroom, she last saw her children being lead by petitioner on the Aulisio property, leading the victims into the murder scene. The audience and jury were heard audibly gasping and sobbing. See T.T. Page 586.

9. Petitioners defense attorney immediately hires a photographer, (John Bruno Gallagher as a defense witness- see T.T. page 1955) to take photographs of exactly the line of sight from Mrs Ziemba's kitchen window, as she testified, to the rear door of the unfinished house on the Aulisio property. These defense photographs proved incredible incontrovertible proof Mrs Ziemba's testimony is against the laws of nature and cannot possibly be true. The prosecutor even admits the testimony is impossible. Under Pennsylvania law, evidence that is against the laws of nature must be completely rejected from jury consideration and using same constitutes a subversion of justice.

CONSTITUTIONAL VIOLATIONS THAT VOID THIS CONVICTION/ STRUCTURAL DEFECTS:

10. Prosecutor strategically waits until after taking of testimony to address Mrs Ziemba's false impossible testimony where I couldn't respond. Tells the jury Mrs Ziemba's testimony is "Impossible." Then he tells the jury evidence of his personal knowledge outside the record to vouch for its credibility as proof of guilt. Making the jury trust the Commonwealths judgment instead of their own. Violating my right to cross examine the prosecutor as an adverse witness and offer contrary evidence, my right to be tried solely upon the evidence admitted into evidence, violating my presumption of innocence, destroying fundamental fairness, the reliability of the verdict, my right to a fair trial being completed by a particular jury.

3.

Mrs Ziemba's testimony was determinative of guilt or innocence.

11. Prosecutors intentional misleading the jury with evidence outside the record he knew was inaccurate, per se constitutes false testimony. See Imbler v. Craven, 298 F.Supp.795. 9th Cir. [1969]. Evidence outside the record created a false impression of truth to testimony known not to be true, because same was admitted impossible, violating due process. Wilson v. Tritt, 2016 U.S. Dist. LEXIS 102757 3d Circuit. To mislead and permit a false impression of truth to evidence he knew was not true violates due process, Miller v. Pate, 386 U.S. 1. [1967]. This is text book contrived conviction. U.S. v. Agurs, 427 U.S. 97, 103. [1976].

12. Prosecutor failed to correct admitted false testimony, he used his own false testimony to vouch for it. There can be no confidence in petitioners conviction. Failing to tell the jury the truth, Mrs Jefferys testimony, puts the case in a different light because Mrs Jefferys testimony exonerates plaintiff. Proof the prosecutor had to avert the acquittal he expected without both his and his witness's false testimony.

13. Every Constitutional violation demonstrated herein is a structural defect requiring automatic reversal and not subject to harmless error doctrine. The Unites States Supreme Court in Mesarosh v. U.S. 352 U.S. 1, 9. [1956] identified automatic reversal is mandatory when the prosecutor concedes a material witness's testimony is "tainted." Not having to amount to perjury. The reviewing court cannot consider any untainted evidence to determine guilt, only a jury can determine guilt or innocence. Because Mrs Ziemba's testimony was determinitive of guilt or innocence and admitted impossible, Voids petitioners conviction per se. Impossible testimony proves untrurhfulness Linda Jo Jefferys testified it did not happen T.T. page 1965.

14. Petitioners conviction was contrived with structural defects that prevented a fair trial. Because petitioner was not found legally guilty beyond a reasonable doubt within the confines of the Constitution, petitioner retains his presumption of innocence to date. The court cannot search for untainted evidence to strip me of my presumption of innocence, only a jury can. The record proves malicious prosecutorial misconduct to secure a contrived conviction that shocks the conscience. Petitioners trial attorney told me it doesn't matter who killed the victims, as long as someone is in prison for it.

15. Nothing post trial can render a void conviction Constitutional. At

4.

resentencing hearing on December 18, 2019 the sentencing judge admitted on record that I am also guilty of "contrived manipulation" and gave a coerced confession to him to qualify for a reduction of sentence. That my statement of culpability was fake. Hearing Transcript page 222. To prove my coerced confession was fake, the judge cited Mrs Ziemba's impossible trial testimony as true, and stated petitioner failed to take responsibility for the crime before the hearing.

16. All former attorneys from trial to last appellate counsel were Constitutionally ineffective for not protecting and adjudicating the violation of all petitioners Constitutional rights. The decision to rise inferior claims, not the instant structural defects constitutes incompetence and not professional judgment.

GROUNDS FOR RELIEF:

1. Commonwealths most critical witness commits perjury. T.T. page 365-388. Prosecutor: Q. Do you recall when the last time you saw your children ? Mrs Ziemba: A. Yes, I do. The last time I saw them, Christopher was entering the unfinished house on the Aulisio property. All I saw was the back of his head before he went into the house, Cheryl was a few feet behind him, and right in back of her was Joseph Aulisio. Violating due process.

2. Prosecutor admits Mrs Ziemba's testimony is against the laws of nature. T.T. page 2319- 2320: "You can't see from that window to that door, it's impossible."

3. Prosecutor deliberately misleads the jury with inacurrate facts to goad the jury to believe testimony he admitted was false. T.T. page 2310-2320: "You can't see from that window to that door. You can't its impossible... <u>but what I would suggest to you is maybe what she saw was the kids going toward it with Joseph, Maybe.</u>" Changing Mrs Ziemba's testimony from impossible to believable.

4. Suggesting other evidence not in the record constitutes vouching, getting the jury to trust the Commonwealths judgment instead of their own. Constituting an adverse witness testimony I couldn't challenge during closing statement, "but what I would suggest to you is maybe what she saw was the kids going toward it with Joseph."

5. Commonwealths use of material evidence against the laws of nature, not completely removing it from jury consideration, constitutes a subversion of justice. Prosecutor never corrected the admitted impossible false

5.

testimony or his own. Encouraging the jury to believe both false testimonies. T.T. page 1921: to not ignore his witnesses testimonies that point in the direction of defendants guilt.

6. In a second instance of misleading false testimony the prosecutor vouches for Mrs Ziemba's false testimony by misleading the jury to believe that paid defense witness John Bruno Gallagher (T.T. page 1955), was a Commonwealth witness to tell the jury the truth. See T.T. page 2319: "I presented to you that you can't see that door from that window, I had John Bruno Gallagher bring in the photographs to show you you can't see from that window to that door, its impossible." Interfering with petitioners defense.

7. Petitioner was not found legally guilty beyond a reasonable doubt within the confines of the Constitution and retains his presumption of innocence, remaining innocent, a retrial would place petitioner twice in jeopardy and violate my Double Jeopardy rights under the Fifth Amendment.

NAMES OF FORMER ATTORNEYS:

At trial, John Brier. Death sentence direct appeal: Joseph Vullo. 1998 P.C.R.A. Petition: Joseph M. Cosgrove. First and only 28 U.S.C. §2254, Mitchell S. Strutin. Juvenile resentencing 12-18-19: Joseph D'Andrea. Direct appeal of 60 to life sentence: Robert M. Buttner. All former attorneys were Constitutionally ineffective for failing to raise structural defects requiring automatic reversal.

RELIEF:

Petitioners conviction is Constitutionally Void Mandating relief. The Supreme Court holds no court has the authority to leave in place a conviction and sentence that violates substantive rights. A conviction and sentence imposed in violation of Constitutional Substantive protections is Erroneous and Void. Montgomery v. Louisiana, 136 S.Ct. 718, 731. [2016].

Petitioner is entitled to dismissal of this case in the Interest of Justice because of the shocking level of vigilante justice, malicious prosecutorial misconduct. Malicious structural defects prove a manifest and fundamental miscarriage of justice.

Petitioner requests an order for Double Jeopardy protection for malicious prosecutorial misconducts designed to deny me a fair trial. Prosecutor engaged in Epic Vigilante Justice in bad faith effort to prejudice any chance of acquittal he expected and feared had he not presented admitted impossible false testimony... and having to defend same with his own perjury,

6.

the record proves he was a direct participant in perjury to contrive my conviction, destroying any reliability in the verdict.

Petitioner requests Double Jeopardy Protection for not being convicted legally beyond a reasonable doubt within the confines of the Constitution. IN re Windship, 397 U.S. 385. [1970].

Petitioner requests Double Jeopardy protection because my right to have a fair trial completed by the particular jury I chose, was violated. U.S. v. Dinitz, 424 U.S. 600. [1976].

Petitioner requests and is entitled to dismissal with prejudice order. Prosecutor knowingly presented false testimony of critical material witness, failed to correct it and became an active participant in perjury to convict me on testimony he admitted was impossible... incapable of happening. Denying me a fair trial and contriving my conviction. U.S. v. Willis, 606 F.2d 391. 3d Cir. [1979]. Petitioner is entitled to an order of expungement from all collateral consequences of his void wrongful conviction. U.S. v. Lashley, 524 Fed. Appx. 843. 3d Cir. [2013].

Petitioner is entitled to all requested relief under the Shocks The Conscience standard. Petitioner didn't have his Constitutional protections at trial, my conviction was secured with vigilante justice standards. Sacramento v. Lewis, 523 U.S. 833. [1998].

EXTRAORDINARY CIRCUMSTANCES require the absolute grant of this writ. The death of critical material defense witnesses prejudices me to the point a fair trial now is impossible. My parents Robert and Clare and brother Robert Jr. John Bruno Gallagher. Lenny and Doreen Brown. Linda Jo Jefferys are deceased. The Commonwealth has destroyed all defense evidence. Without all my defense witnesses and critical evidence, it is impossible for the Commonwealth to provide petitioner a fair trial he has a right to. U.S. v. Rosario, 2017 U.S. Dist. LEXIS 86987. 3d Circuit.

I declare under the penalty of perjury the foregoing is true and correct.

Joseph G. Aulisio .                                    Date: 9 / 6 / 22 .
Joseph G. Aulisio, Pro- se.

**LEGAL MAIL ADDRESS:** Joseph G. Aulisio, AY-3044, SCI Benner Township, 301 Institution Drive, Bellefonte, Pa 16823.

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED WRIT OF HABEAS CORPUS

No. 22-2350

Petitioner

Joseph G. Aulisio, Pro-se

PROOF OF SERVICE

I, Joseph G. Aulisio, do certify that on the date set forth below,, caused a true and correct copy of the attached Writ of Habeas Corpus and Brief in Support, to be served upon the district attorney of lackawanna county via prepaid first class mail addressed below:

mark powell
district attorney of lackawanna county
lacka. dist. attys. office
135 Jefferson Avenue
Scranton, Pa 18503

Date: 9-6 2022.

respectfully submitted:

_Joseph G. Aulisio_ .

Joseph G. Aulisio, AY-3044
Sci Benner Township
301 Institution drive
Bellefonte, Pa 16823

Joseph E. Aulisio, AY3044
SCI Benner Township
P.O. Box 33028
St. Petersburg, FL
33733

INMATE MAIL
PA DEPT OF
CORRECTIONS



US
ZIP
02
000

RECEIVED
HARRISBURG, PA
SEP 12 2022

PER _____ DEPUTY CLERK

Clerk of Court
United States District Court
Middle District of PA
228 Walnut St.
P.O. Box 983
Harrisburg, PA
17108

Johnstown PA 159
09 SEP 2022 PM